Justice Flaherty
with whom Justice Robinson joins, dissenting.
I depart from the majority’s interpretation of G.L.-1956 § -42-56-24 and G.L. 1956 § 12-19-2, and would affirm the Superior Court’s decision that Parrillo’s probation had already ended when he was charged with assault. Accordingly, I respectfully, but vigorously, dissent from the majority’s opinion.
A little more than two years ago, in Rose v. State, 92 A.3d 903 (R.I. 2014), this Court was faced with an issue identical to the one presented in the case at bar, except for one critical fact. In Rose, the majority held that good-time and time-served credits could act only to reduce the time a defendant spent incarcerated, but could not reduce a sentence below a statutorily imposed mandatory minimum. Id. at 908, 912. The majority in Rose specifically left for another day the issue of what to do when a defendant’s sentence is not up against a mandatory minimum. Id. at 913. That day has arrived.
For the same reasons set forth in my dissent in Rose — which Justice Robinson also joined — I do not agree with the majority’s opinion that extends Rose to all probationers. In Rose, I dissented because, in my opinion, the majority incorrectly interpreted two statutes: § 42-56-24 and § 12-19-2. Rose, 92 A.3d at 914, 918. Specifically, it was my opinion that, when the majority interpreted § 42-56-24, it “fo-cuse[d] on the word ‘sentence’ and equate[d] ‘sentence’ with ‘imprisonment.’ ” Rose, 92 A.3d at 914. It was my view then, and it is now, that “nothing cited to by the majority contravene[d] my conclusion that good-time credits reduce the entirety of [the] sentence and not simply the period of incarceration.” Id. I also found fault with the majority’s interpretation of § 12-19-2 on nearly identical grounds. Rose, 92 A.3d at 919. That statute- mandates that a “sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while *295 awaiting sentencing * * Section 12-19-2(a). Like § 42-54-24, § 12-19-2 speaks of reducing the “sentence,” as opposed to the period of incarceration.
Now, the majority extends the holding in Rose to all probationers, finding that good-time and time-served credits do not reduce the length of a defendant’s overall sentence, irrespective of whether such a reduction would bring that sentence below a mandatory minimum. I disagree because the statutes clearly say that good-time credits should “be deducted from the term or terms of sentence of that prisoner * * *” an(j time-served credits should be “reduced” from the sentence. Both statutes are clear and unambiguous. Notably, neither statute limits deductions or reductions to only the time of incarceration.
The gravamen of my dissent lies in the distinction between “sentence” and' “imprisonment.” In addition to incorporating my dissent in Rose, I also observe that “sentence” is defined as “[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer.” Black’s Law Dictionary 1569 (10th ed. 2014). Meanwhile, “imprisonment” is “[t]he act of confining a person, [especially] in a prison.” Id. at 875. Accordingly, it is my opinion that the only conclusion that can be drawn is that, when the General Assembly enacted the legislation in question and used the term “sentence,” it was referring to the entirety of the judgment imposed against the defendant — he., both the period of incarceration and the probationary period. And, when the General Assembly referred to “imprisonment,” it spoke of only the period in which a defendant is incarcerated. Thus, when the General Assembly mandated that good-time credits be “deducted” from a defendant’s “sentence” and that a defendant’s “sentence * * * shall be reduced” by the amount of time served while awaiting trial and sentencing, I am led to what I consider to be the obvious conclusion that the General Assembly intended good-time and time-served credits to act to reduce the entirety of a defendant’s sentence, and not just that defendant’s period of incarceration.[19]
Despite my dissent in Rose, I accept, as I must, that the holding in that case is now the law in this state. Nevertheless, I do not believe that the holding in Rose is applicable here because the issue before us is simply not the same; the reductions that Parrillo received to his' sentence did not bring that sentence below a mandatory minimum. The majority’s opinion in Rose was, in substantial part, driven by the conflict between G.L. 1956 § 11-87-8.2, which imposed a mandatory minimum sentence, and §§ 42-56-24 and 12-19-2, the good-time and time-served statutes. Here, no such conflict exists. Accordingly, it is my opinion that the statutory interpretation that I endorsed in Rose should control; under that interpretation, Parrillo’s probation would have ended by the time of his December 2011 arrest. As a result, it is my opinion that the order of the Superior Court should be affirmed.

. The majority says that the Department of Corrections has no authority to reduce a sentence, but it is the General Assembly that set the sentence by statute. Through the enactment of G.L. 1956 § 42-56-24 and G.L. 1956 § 12-19-2, the General Assembly has modified the sentence, also by statute.